No. _____

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____


IN RE BRUCE CARNEIL WEBSTER,


Movant.

_____

## CAPITAL CASE


## MOTION FOR AUTHORIZATION TO FILE SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2255 IN LIGHT OF *UNITED STATES V. DAVIS*, 139 S. CT. 2319 (2019)

_____

Dorsey & Whitney LLP
Steven J. Wells
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
wells.steve@dorsey.com

INDIANA FEDERAL COMMUNITY DEFENDERS
Monica Foster, Executive Director
By F. Italia Patti, Assistant Federal Defender
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520
italia_patti@fd.org

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.........................................................................ii

SUMMARY OF ARGUMENT....................................................................1

RELEVANT PROCEDURAL HISTORY ..................................................3

I. Mr. Webster was tried and sentenced to death, and his conviction and death sentence were upheld on direct appeal. ..............................3

II. Mr. Webster's first § 2255 motion was denied.................................4

III. Mr. Webster's death sentence was vacated because he is intellectually disabled............................................................................4

ARGUMENT................................................................................................5

I. Mr. Webster has made a "prima facie showing" that he is entitled to relief under *Davis*. ...................................................................................5

II. *Davis* invalidated § 924(c)'s residual clause, and kidnapping resulting in death and conspiracy to commit kidnapping are not crimes of violence under the elements clause........................................6

III. Mr. Webster is timely in seeking authorization to file his successive § 2255 motion. ....................................................................9

IV. *Davis* announced a new, previously unavailable rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review. .................................................................10

A. *Davis* announced a rule of constitutional law................................10

B. *Davis* announced a new rule that was previously unavailable.......10

C. *Davis* is retroactive to cases on collateral review. ..........................11

CONCLUSION .........................................................................................16

CERTIFICATE OF SERVICE.................................................................18

CERTIFICATE OF COMPLIANCE .......................................................19

i

# TABLE OF AUTHORITIES

## Cases

*In re Clark*, 554 F. App'x 276 (5th Cir. 2014) .......................................... 7

*In re Franklin*, 950 F.3d 909 (6th Cir. 2020) .................................... 12, 15

*In re Hammoud*, 931 F.3d 1032 (11th Cir. 2019) ........................ 12, 16, 18

*In re Matthews*, 934 F.3d 296 (3d Cir. 2019) ......................................... 13

*In re Morris*, 328 F.3d 739 (5th Cir. 2003) .............................................. 7

*In re Mullins*, 942 F.3d 975 (10th Cir. 2019) ................................... 15, 18

*In re Simpson*, 555 F. App'x 369 (5th Cir. 2014) ..................................... 6

*In re Sparks*, 657 F.3d 258 (5th Cir. 2011) ........................................ 3, 7

*Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001) ............... 6

*Schriro v. Summerlin*, 542 U.S. 348 (2004) ...................................... 14, 15

*Teague v. Lane*, 489 U.S. 288 (1989) ................................................ 12, 14

*Tyler v. Cain*, 533 U.S. 656 (2001) ....................................... 13, 16, 17, 18

*United States v. Barraza*, 576 F.3d 798 (8th Cir. 2009) ........................ 10

*United States v. Barton*, 257 F.3d 433 (5th Cir. 2001) ............................ 9

*United States v. Bowen*, 936 F.3d 1091 (10th Cir. 2019) ...................... 13

*United States v. Buck*, 847 F.3d 267 (5th Cir. 2017) ............................... 9

*United States v. Coleman*, 609 F.3d 699 (5th Cir. 2010) ....................... 10

*United States v. Davis*, 139 S. Ct. 2319 (2019) ............................. passim

*United States v. Dixon*, 799 F. App'x 308 (5th Cir. 2020) ...................... 18

*United States v. Hayes*, 589 F.2d 811 (5th Cir. 1979) ........................... 10

*United States v. Reece*, 938 F.3d 630 (5th Cir. 2019) ..................... passim

## Statutes

18 U.S.C. § 1201 ................................................................................. 3, 9, 10

18 U.S.C. § 924(c) ................................................................................. passim

28 U.S.C. § 2255 ................................................................................. passim

Movant Bruce Carneil Webster, through undersigned counsel, respectfully moves this Court for authorization under 28 U.S.C. § 2255(h)(2) to file a successive § 2255 motion in light of the Supreme Court's holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), decided June 24, 2019. Mr. Webster's proposed successor motion is attached hereto as Attachment 1.[1]

## SUMMARY OF ARGUMENT

Mr. Webster is entitled to file a second or successive motion pursuant to 28 U.S.C. § 2255 because he can make a prima facie showing that he has a valid claim based on *Davis*, which announced "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).

Mr. Webster was convicted of an offense under 18 U.S.C. § 924(c) that, following *Davis*, is no longer cognizable as a crime. In *Davis*, the Supreme Court held that § 924(c)'s residual clause, one of two clauses

---

[1] As explained below, Mr. Webster's death sentence was vacated in 2019 because Mr. Webster is intellectually disabled. The judgment vacating his death sentence is currently on appeal. Though not currently under a valid death sentence, Mr. Webster is incarcerated on federal death row in Terre Haute, Indiana, while that appeal is pending.

defining "crime of violence" for purposes of § 924(c), was unconstitutionally vague. *Davis*, 139 S. Ct. at 2336. As such, the only constitutionally permissible definition of "crime of violence" is found in the elements clause, which defines a "crime of violence" as one that requires, as an element, the use, attempted use, or threatened use of force. § 924(c)(3)(A).

The predicate "crimes of violence" for Mr. Webster's § 924(c) conviction were kidnapping resulting in death and conspiracy to commit kidnapping. Neither kidnapping resulting in death nor conspiracy to commit kidnapping is a crime of violence under § 924(c)'s elements clause because neither crime requires, as an element, the use, attempted use, or threatened use of force.[2] Therefore, Mr. Webster satisfies the prima facie standard requiring that he show that he "might be entitled" to have his § 924(c) conviction vacated. *In re Sparks*, 657 F.3d 258, 262 (5th Cir. 2011).

---

[2] Please see the discussion in the attached proposed successive § 2255 motion, at pages 19-26.

2

## RELEVANT PROCEDURAL HISTORY

### I. Mr. Webster was tried and sentenced to death, and his conviction and death sentence were upheld on direct appeal.

On November 22, 1994, a superseding indictment charged Mr. Webster, along with co-defendants Orlando Hall, Demetrius Hall, Marvin Holloway, and Steven Beckley, with crimes related to the kidnapping and murder of Lisa Rene. *See* Doc. 15 (Superseding Indictment).

Specifically, Count One of the superseding indictment charged Mr. Webster with kidnapping in which a death occurred in violation of 18 U.S.C. § 1201(a)(1). Count Two charged Mr. Webster with conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201(c). Count Six charged Mr. Webster with carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). The kidnapping and conspiracy charges in Counts One and Two were alleged as predicates to the § 924(c) charge in Count Six. The other counts against Mr. Webster were ultimately dismissed.

In a trial severed from his co-defendants, Mr. Webster was convicted of Counts One, Two, and Six. He was sentenced to death on Count One (kidnapping), sentenced to life imprisonment on Count Two

(conspiracy to commit kidnapping), and sentenced to sixty months on Count Six (the § 924(c) charge for carrying a firearm during and in relation to a crime of violence). On direct appeal, this Court affirmed Mr. Webster's convictions and sentence. *See United States v. Webster*, 162 F.3d 308 (5th Cir. 1998), *cert. denied*, 528 U.S. 829 (1999).

## II. Mr. Webster's first § 2255 motion was denied.

Mr. Webster's initial motion to vacate his conviction and sentence under 28 U.S.C. § 2255 was denied. *See Webster v. United States*, No. 4:00-CV-1646-Y, 2003 WL 23109787 (N.D. Tex. Sept. 30, 2003). This Court affirmed denial of the § 2255 motion. *United States v. Webster*, 421 F.3d 308 (5th Cir. 2005), *cert. denied*, 549 U.S. 828 (2006).

## III. Mr. Webster's death sentence was vacated because he is intellectually disabled.

In 2009, Mr. Webster moved this Court for authorization to file a successive § 2255 motion to vacate his death sentence based on newly discovered evidence of intellectual disability. The Court denied Mr. Webster's motion. *See In re Webster*, 605 F.3d 256 (5th Cir.), *cert. denied*, 562 U.S. 1091 (2010). Mr. Webster then filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the United States District Court for the Southern District of Indiana seeking to challenge

4

his death sentence based on the same newly discovered evidence of intellectual disability. After initially denying the petition, on remand from the Seventh Circuit, the district court concluded that Mr. Webster established that he is intellectually disabled and vacated his death sentence. *See Webster v. Daniels,* 784 F.3d 1123 (7th Cir. 2015) (*en banc*); S.D. Ind. Case No. 2:12-cv-00086-JPH-MJD, Doc. 198 (06/18/19 Order) at 21. The Government's appeal of that decision is currently pending. *See* 7th Cir. Case No. 19-2683, Doc. 36 (5/21/20 Order setting oral argument).

## ARGUMENT

### I. Mr. Webster has made a "prima facie showing" that he is entitled to relief under *Davis*.

A successive § 2255 motion is cognizable when that motion is based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h)(2). The court of appeals must authorize a successive § 2255 motion in the district court if the movant "make[s] a 'prima facie showing' that his or her motion satisfies § 2255's requirements for second or successive motions." *Reyes-Requena v. United States,* 243 F.3d 893, 898 (5th Cir. 2001) (citing § 2244(b)(3)(c)).

"A 'prima facie showing' is 'simply a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *In re Simpson*, 555 F. App'x 369, 371 (5th Cir. 2014) (quoting *Reyes-Requena*, 243 F.3d at 899). The prima facie standard is satisfied if the movant puts forward minimally sufficient evidence that his motion warrants further exploration. *See In re Clark*, 554 F. App'x 276, 277 (5th Cir. 2014); *In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003) (Higginbotham, J., concurring).

As such, the question at this stage of the proceedings is not whether Mr. Webster ultimately will succeed on the merits of his successive § 2255 motion. *See Morris*, 328 F.3d at 740-41. Rather, the question before this Court is whether he has "ma[de] a prima facie showing that he might be entitled to relief" based on "a new and retroactive rule of constitutional law." *Sparks*, 657 F.3d at 262.

## II. *Davis* invalidated § 924(c)'s residual clause, and kidnapping resulting in death and conspiracy to commit kidnapping are not crimes of violence under the elements clause.

The Supreme Court's recent holding in *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidated a key provision of 18 U.S.C. § 924(c).

6

Section 924(c) makes it a crime for any person to use or carry a firearm during and in relation to a crime of violence.

Prior to *Davis*, § 924(c) defined "crime of violence" in two alternate clauses. The "residual clause" defined a crime of violence as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." § 924(c)(3)(B). The "elements clause" defined a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." § 924(c)(3)(A).

In *Davis*, the Supreme Court held that § 924(c)'s residual clause is unconstitutionally vague. 139 S. Ct. at 2336. As a result, a conviction under § 924(c) can stand only if the charged predicate crime of violence falls under the elements clause—that is, if the predicate crime requires "as an element" the intentional use of physical force or the threat or attempt of such force. *See United States v. Reece*, 938 F.3d 630, 635 (5th Cir. 2019) ("Because *Davis* rendered 18 U.S.C. § 924(c)(3)'s residual clause unconstitutional, Reece's three firearms convictions predicated on conspiracy to commit bank robbery can be sustained only if

7

conspiracy to commit bank robbery can be defined as a COV under

§ 924(c)(3)'s elements clause.").

Further, this determination must be made using the "categorical

approach." *United States v. Buck*, 847 F.3d 267, 274 (5th Cir. 2017). In

other words, the analysis must focus solely on the language of the

statute defining the elements of the charged predicate crime to

determine whether any element requires the use, attempted use, or

threatened use of violence. *Reece*, 938 F.3d at 635. The determination is

not based on the defendant's actual conduct. *Id.*

The elements of kidnapping under § 1201 are: "(1) the

transportation in interstate commerce (2) of an unconsenting person

who is (3) held for ransom or reward or otherwise, (4) such acts being

done knowingly and willfully." *United States v. Barton*, 257 F.3d 433,

439 (5th Cir. 2001). The statute states that the kidnapping can be

accomplished not only by "seiz[ing]" or "abduct[ing]," but also by

"inveigl[ing]" (i.e. persuading by ingenuity) or "decoy[ing]" (i.e. luring).

§ 1201(a).

Section 1201(a) also provides that kidnapping "shall be punished

by imprisonment for any term of years or for life and, if the death of any

8

person results, shall be punished by death or life imprisonment." This provision requires that a death result from the kidnapping, but does not require the intentional use of force. *See United States v. Hayes*, <u>589 F.2d 811, 821</u> (5th Cir. 1979); *United States v. Barraza*, <u>576 F.3d 798, 807</u> (8th Cir. 2009).

The elements of conspiracy to commit kidnapping under § 1201(c) are: (1) an agreement to commit a kidnapping, (2) the defendant's knowledge, and (3) an overt act to effect the kidnapping. *See* § 1201(c); *cf. United States v. Coleman*, <u>609 F.3d 699, 704</u> (5th Cir. 2010) (discussing the elements of conspiracy under § 371).

As is evident from the list of elements—and as discussed in the proposed successive § 2255 motion attached as Attachment 1—neither kidnapping resulting in death nor conspiracy to commit kidnapping has as an element the use, attempted use, or threatened use of physical force.

### III. Mr. Webster is timely in seeking authorization to file his successive § 2255 motion.

The one-year statute of limitations for asserting a claim for relief pursuant to a new, retroactive rule of constitutional law begins to run on "the date on which the right asserted was initially recognized by the

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3). Because Mr. Webster is filing this motion within one year of *Davis*, the motion is timely.

## IV. *Davis* announced a new, previously unavailable rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review.

*Davis* (1) announced a rule of constitutional law (2) that was previously unavailable and (3) that was made retroactive to cases on collateral review by the Supreme Court. *See* § 2255(h)(2).

### A. *Davis* announced a rule of constitutional law.

*Davis*' rule was one of constitutional law. *Davis* held that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague under the due process clause of the Fifth Amendment. *Davis*, 139 S. Ct. at 2336.

### B. *Davis* announced a new rule that was previously unavailable.

*Davis* announced a new rule. "[A] case announces a new rule if the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). "*Davis* easily meets" the criteria for establishing a new rule, as "the result in *Davis* was not apparent to all reasonable jurists." *Reece*, 938 F.3d 630 at 634; *see also In re Hammoud*, 931 F.3d 1032, 1038

10

(11th Cir. 2019) (holding that *Davis* is a new rule because it was not dictated by precedent or apparent to all reasonable jurists); *In re Franklin*, 950 F.3d 909, 910-11 (6th Cir. 2020) (same); *United States v. Bowen*, 936 F.3d 1091, 1097-98 (10th Cir. 2019) (same); *In re Matthews*, 934 F.3d 296, 301 (3d Cir. 2019) (same).

Additionally, *Davis'* new rule was previously unavailable to Mr. Webster. The Supreme Court handed down its decision in *Davis* on June 24, 2019, well after Mr. Webster completed his direct appeal and initial § 2255 proceedings.

### C. *Davis* is retroactive to cases on collateral review.

A new, previously unavailable rule of constitutional law must also have been made retroactive to cases on collateral review by the Supreme Court. In order for this to happen, such a rule must be substantive *and* the Supreme Court must have either expressly identified the rule as retroactive or multiple Supreme Court holdings must "necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666 (2001). The rule in *Davis* meets both requirements: it is substantive and its retroactivity flows from Supreme Court holdings that so dictate.

11

First, *Davis* is retroactive on collateral review because it is substantive, not merely procedural. Although not all new rules of constitutional law provide a basis for post-conviction relief, new substantive rules are retroactive. *Welch*, 136 S. Ct. at 1264; *Teague*, 489 U.S. at 307, 311.

"A rule is substantive . . . if it alters the range of conduct or the class of persons that the law punishes." *Welch*, 136 S. Ct. at 1264-65 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). "This includes decisions that narrow the scope of a criminal statute by interpreting its terms, as well as constitutional determinations that place particular conduct . . . beyond the State's power to punish." *Welch*, 136 S. Ct. at 1265 (quoting *Schriro*, 542 U.S. at 353).

In *Welch*, the Supreme Court found that *Johnson* was substantive and retroactive because it removed from the statute's reach people who had been subject to enhanced punishment under the ACCA solely because of that statute's now-defunct residual clause. *Id.*

This reasoning applies with even more force here. Beyond altering sentences, *Davis* invalidates convictions for people once subject to § 924(c) liability based on predicate offenses that fell solely within the

12

now-defunct § 924(c) residual clause. As such, *Davis* "narrow[s] the scope of a criminal statute" and "place[s] particular conduct . . . beyond the State's power to punish." *Welch*, <u>136 S. Ct. at 1265</u> (quoting *Schriro*, <u>542 U.S. at 353</u>).

This Court has recognized that "the rule announced in *Davis* meets the standard for a new substantive rule" because "the residual clause's invalidation narrows the scope of conduct for which punishment is now available." *Reece*, <u>938 F.3d at 635</u>. Other appellate courts also have found that *Davis* is substantive, and, in turn, retroactive. *See Franklin*, <u>950 F.3d at 911</u>; *In re Mullins*, <u>942 F.3d 975, 978-79</u> (10th Cir. 2019); *Hammoud*, <u>931 F.3d at 1037-39</u>.

Moreover, § 924(c)'s residual clause is virtually identical to, and was invalidated for precisely the same reason as, ACCA's residual clause, and the resulting effect has been the same—leaving for consideration whether a predicate crime is categorically a crime of violence under the remaining elements clause.

Second, § 2255(h)(2) imposes an additional requirement: the new rule must not only be retroactive, it must have been "made retroactive to cases on collateral review by the Supreme Court." *See* § 2255(h)(2).

13

To satisfy § 2255(h)(2), the Supreme Court must have expressly held that the new rule is retroactive on collateral review, or the Supreme Court's holdings in multiple cases must "necessarily dictate retroactivity of the new rule." *Tyler*, 533 U.S. at 666. Here, *Davis* and *Welch* together dictate retroactivity.

Justice O'Connor explained in her concurrence in *Tyler* how the Supreme Court can have made a new rule retroactive through the holdings in multiple cases:

> [I]f we hold in Case One that a particular type of rule applies retroactively to cases on collateral review and hold in Case Two that a given rule is of that particular type, then it necessarily follows that the given rule applies retroactively to cases on collateral review. In such circumstances, we can be said to have 'made' the given rule retroactive to cases on collateral review.

533 U.S. at 668-69 (O'Connor, J., concurring).

In *Welch*, the Supreme Court held that *Johnson*, which invalidated the ACCA's residual clause, established a substantive rule with retroactive application. *Welch*, 136 S. Ct. at 1265. *Davis* invalidated a nearly identical residual clause, noting, "In recent years, this Court has applied these [constitutional] principles to two statutes that bear more than a passing resemblance to § 924(c)(3)(B)'s residual clause." *Davis*, 139 S. Ct. at 2325.

14

*Welch* and *Davis* are straightforward examples of the Case One/Case Two framework that Justice O'Connor discussed in *Tyler*. Case One—*Welch*—held that the invalidation of a statutory provision on constitutional grounds applies retroactively. Case Two—*Davis*—announced the invalidation of a statutory provision that is functionally identical to the one addressed in *Welch*. The holdings of these two cases "logically permit no other conclusion than that the rule" in *Davis* is retroactive. *Tyler*, 533 U.S. at 669 (O'Connor, J., concurring).

Following this logic, this Court "recently held that *Davis* announced a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." *United States v. Dixon*, 799 F. App'x 308, 309 (5th Cir. 2020) (citing *Reece*, 938 F.3d at 635).

Other courts of appeals have also held that "[b]ecause *Davis* has the same limiting effect on the range of conduct or class of people punishable under § 924(c) that *Johnson* has with respect to the ACCA, *Welch* dictates that *Davis*—like *Johnson*—'announced a substantive rule that has retroactive effect in cases on collateral review.'" *Mullins*, 942 F.3d at 979 (quoting *Welch*, 136 S. Ct. at 1268); *see also Hammoud*, 931 F.3d at 1039 (quoting *Tyler*, 533 U.S. at 666) ("for purposes of

15

§ 2255(h)(2), . . . taken together, the Supreme Court's holdings in *Davis* and *Welch* 'necessarily dictate' that *Davis* has been 'made' retroactively applicable to criminal cases that became final before *Davis* was announced.") These holdings are sufficient to establish that Mr. Webster has made a prima facie showing that he has met the requirements of § 2255(h)(2).

## CONCLUSION

Mr. Webster has made a prima facie showing of possible merit for a claim for relief under 28 U.S.C. § 2255(h)(2). Therefore, he respectfully asks this Court to enter an Order granting him leave to file a successive § 2255 motion in the district court.

16

Respectfully submitted,

s/ F. Italia Patti
INDIANA FEDERAL
COMMUNITY DEFENDERS
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520
italia_patti@fd.org

Steven J. Wells
Dorsey & Whitney LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
wells.steve@dorsey.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2020, I filed this Motion for

Authorization to File Successive Motion Under 28 U.S.C. § 2255 using

the CM/ECF system.

s/ F. Italia Patti

## CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 22, 5th Cir. R. 32.3 and Fed. R. App. P. 32(g)(1), the undersigned certifies that this document complies with the length limitations because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this brief contains 3,123 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century 14-point font.

s/ F. Italia Patti