No. 20-10530

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

IN RE BRUCE CARNEIL WEBSTER,

Movant.

**CAPITAL CASE**

**REPLY IN SUPPORT OF MOTION FOR AUTHORIZATION
TO FILE SUCCESSIVE MOTION PURSUANT TO 28 U.S.C. § 2255
IN LIGHT OF *UNITED STATES V. DAVIS*, 139 S. CT. 2319 (2019)**

Dorsey & Whitney LLP
Steven J. Wells
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
wells.steve@dorsey.com

INDIANA FEDERAL COMMUNITY DEFENDERS
Monica Foster, Executive Director
By F. Italia Patti, Assistant Federal Defender
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520
italia_patti@fd.org

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................ii

INTRODUCTION ........................................................................ 1

I. The record in this case is not clear that kidnapping resulting in death, rather than conspiracy to commit kidnapping, was the predicate for Mr. Webster's § 924(c) conviction. ................................................................2

II. Kidnapping resulting in death is not a crime of violence under § 924(c)'s elements clause.....................................................................5

    A. Kidnapping resulting in death does not have use of force as an element, regardless of what a jury must find to sentence a defendant to death. ...............................................................................6

    B. There are realistic scenarios where kidnapping resulting in death does not involve the use of force. .........................................................8

CONCLUSION ..........................................................................10

CERTIFICATE OF SERVICE..............................................................11

CERTIFICATE OF COMPLIANCE .......................................................12

# TABLE OF AUTHORITIES

## Cases

*Leocal v. Ashcroft*, 543 U.S. 1 (2004) ........................................................9

*Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013) ............................................7

*Shepard v. United States*, 544 U.S. 13 (2005) ...............................3, 4, 5, 6

*United States v. Amaya*, 576 F. App'x 416 (5th Cir. 2014) ......................7

*United States v. Aparicio-Soria*, 740 F.3d 152 (4th Cir. 2014)...............10

*United States v. Clay*, 627 F.3d 959 (4th Cir. 2010) ................................2

*United States v. Davis*, 139 S. Ct. 2319 (2019) ........................................1

*United States v. Gonzalez-Chavez*, 432 F.3d 334 (5th Cir. 2005)............2

*United States v. Hayes*, 589 F.2d 811 (5th Cir. 1979) .............................9

*United States v. McCall*, No. 3:10CR170-HEH, 2019 WL 4675762 (E.D. Va. Sept. 25, 2019)...............................................................................5

*United States v. McDuffy*, 890 F.3d 796 (9th Cir. 2018) ........................10

*United States v. Reece*, 938 F.3d 630 (5th Cir. 2019) ..............................5

*United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018).............9

*United States v. Rodriguez*, 94 Cr. 313 (CSH), 2020 WL 1878112 (S.D.N.Y. Apr. 15, 2020) ......................................................................5

*United States v. Sanford*, 779 F. App'x 568 (10th Cir. 2019) ..................6

*United States v. Vann*, 660 F.3d 771 (4th Cir. 2011) ..............................3

## Statutes

18 U.S.C. § 3591(a)(2) .................................................................................7

18 U.S.C. § 3593(e) ......................................................................................8

18 U.S.C. § 924(c)................................................................................. passim

## INTRODUCTION

The Government all but acknowledges that Mr. Webster has made a prima facie showing that *United States v. Davis*, 139 S. Ct. 2319 (2019), invalidates his § 924(c) conviction. *See* Resp. at 5–6, 17. The Government's arguments certainly do not establish that Mr. Webster failed to make a prima facie showing. Although the Government's arguments are irrelevant the question at hand, whether Mr. Webster has made a prima facie showing, in reply to these arguments, Mr. Webster emphasizes the following:

First, the record in this case is not clear that kidnapping resulting in death, rather than conspiracy to commit kidnapping, was the predicate for his § 924(c) conviction. Consequently, because conspiracy to commit kidnapping is not a crime of violence under § 924(c)'s elements clause, Mr. Webster's § 924(c) conviction is invalid regardless of whether kidnapping resulting in death is a crime of violence.

Second, kidnapping resulting in death is also not a crime of violence under § 924(c)'s elements clause, despite the Government's arguments to the contrary.

**I. The record in this case is not clear that kidnapping resulting in death, rather than conspiracy to commit kidnapping, was the predicate for Mr. Webster's § 924(c) conviction.**

The Government incorrectly argues that "[t]here is no doubt in this record, then, that Webster's firearm offense was predicated on capital kidnapping resulting in death." Resp. at 9. As the Government acknowledges, the indictment alleges both conspiracy to commit kidnapping and kidnapping resulting in death as predicates for the § 924(c) charged in Count Six. *Id.* Yet the Government argues that the jury instructions made clear that the jury should consider only the kidnapping charge. *Id.* That is incorrect. The jury instructions are ambiguous.

The Government does not mention the applicable standard, which is stringent. "[P]lausibility or even likelihood" that the defendant was convicted of § 924(c) based on a qualifying "crime of violence" is not enough. *United States v. Clay*, 627 F.3d 959, 966 (4th Cir. 2010); *see also United States v. Gonzalez-Chavez*, 432 F.3d 334, 338 (5th Cir. 2005). If one of the alternate predicates to a § 924(c) charge is not a crime of violence, the § 924(c) conviction cannot stand without "certainty" that the conviction was premised on a crime-of-violence

2

predicate. *See Shepard v. United States*, 544 U.S. 13, 21–23 (2005); *see also United States v. Vann*, 660 F.3d 771, 774 (4th Cir. 2011) (en banc) ("[I]t has been established that a defendant convicted under a conjunctively charged indictment cannot be sentenced—in the absence of a special verdict identifying the factual bases for conviction—to a term of imprisonment exceeding the statutory maximum for the 'least-punished' of the disjunctive statutory conduct.").[1]

The ambiguous jury instructions in this case do not meet the demanding standard of establishing with "certainty" that Mr. Webster's § 924(c) conviction was "necessarily" premised on kidnapping resulting in death rather than conspiracy. *Shepard*, 544 U.S. at 21–23.

True enough that the jury instructions first say that to find Mr. Webster guilty on Count Six, the jury must find "[t]hat the defendant knowingly used or carried a firearm during and in relation to the

---

[1] In this case, neither predicate is a crime of violence under § 924(c)'s elements clause. The reasons why kidnapping resulting in death is not a crime of violence under § 924(c)'s elements clause are discussed in Mr. Webster's proposed successive § 2255 motion, and below. The point here, though, is that regardless of whether kidnapping resulting in death is a crime of violence, Mr. Webster's § 924(c) conviction is invalid because conspiracy to commit kidnapping is not a crime of violence, and it is not clear whether the jury relied on conspiracy or kidnapping when convicting Mr. Webster on the § 924(c) charged in Count Six.

defendant's commission of the crime of interstate kidnapping." Tr. vol.

21A 115:3–5.

Immediately after, the instructions discuss conspiracy. They

conclude the discussion of conspiracy by saying:

> *[I]f you have first found a defendant guilty of the conspiracy charged in Count 2 of the indictment*, and if you find beyond a reasonable doubt that . . . during the time that defendant was a member of that conspiracy, another conspirator committed the offenses in Counts 1 and 6 in furtherance of or as a foreseeable consequence of that conspiracy, *then you may find the defendant guilty of Counts 1 and 6, even though the defendant may not have participated in any of the acts which constitute the offense described in Counts 1 and 6.*

Tr. vol. 21A 117:20–118:4 (emphasis added).

These instructions tell the jurors that they can find Mr. Webster

guilty of the § 924(c) charged in Count Six by finding him guilty of

conspiracy. At the very least, these instructions do not establish with

"certainty" that jurors did not predicate their § 924(c) conviction on

conspiracy. *See Shepard*, 544 U.S. at 21–23; *see also United States v.*

*Rodriguez*, 94 Cr. 313 (CSH), 2020 WL 1878112, at *7–10, 17 (S.D.N.Y.

Apr. 15, 2020) (in a case where one of the potential predicates for a

§ 924(c) charge was conspiracy, and the jury was instructed that a

conspirator could be held responsible for co-conspirators' actions,

4

holding that the § 924(c) conviction was invalid in light of *Davis*);

*United States v. McCall*, No. 3:10CR170-HEH, 2019 WL 4675762, at

*6–7 (E.D. Va. Sept. 25, 2019) (in a case where the jury was instructed

that the defendant could commit the predicate offence by doing the

actions specified in the statute or "conspiring to commit those offenses,"

holding that there was no valid predicate for the § 924(c) conviction).

Of course, conspiracy to commit kidnapping is not a crime of

violence under the elements clause. *See United States v. Reece*, 938

F.3d 630, 635 (5th Cir. 2019); *United States v. Sanford*, 779 F. App'x

568, 570 (10th Cir. 2019).

Therefore, the jury instructions do not establish with "certainty"

that Mr. Webster's § 924(c) conviction was "necessarily" based on

kidnapping rather than conspiracy. *Shepard*, 544 U.S. at 21–23.

Because conspiracy to commit kidnapping is not a crime of violence, this

ambiguity means that Mr. Webster's § 924(c) conviction is invalid.

## II. Kidnapping resulting in death is not a crime of violence under § 924(c)'s elements clause.

Although Mr. Webster's § 924(c) conviction is invalid solely

because conspiracy to commit kidnapping is not a crime of violence,

kidnapping resulting in death is not a crime of violence, either.

**A. Kidnapping resulting in death does not have use of force as an element, regardless of what a jury must find to sentence a defendant to death.**

The Government's main argument is that "capital kidnapping resulting in death" categorically requires force because, at the *penalty phase*, in order to sentence a defendant to death, the jury must find that he used force. Resp. at 13.

The categorical approach undermines this argument. The categorical approach requires courts to look at the least culpable conduct that could lead to a conviction—not the conduct that is necessary for a death sentence. *See United States v. Amaya*, 576 F. App'x 416, 419 (5th Cir. 2014) (quoting *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013)).

Logic also undermines the Government's argument. The Government's premise is that, "where, as here, kidnapping resulting in death is charged as a capital offense, *to return a recommendation of death* the jury necessarily must find that the defendant" used force. Resp. at 13 (emphasis added) (citing 18 U.S.C. § 3591(a)(2)).

Based on that premise, the Government concludes:

Capital kidnaping resulting in death, therefore, categorically has as an element—*imported* from 18 U.S.C. § 3591(a)(2)—the use, attempted use, or threatened use of physical force against the

person or property of another because *no defendant can be found guilty of that offense* without a finding that he used force capable of causing physical pain or injury against another person.

Resp. at 13 (emphasis added).

But this conclusion—"no defendant *can be found guilty*" of kidnapping resulting in death "without a finding that he used force"— does not follow from the premise—"*to return a recommendation of death*" the jury must find that the defendant used force. *Id.* (emphasis added). The conclusion is about the requirement for a *conviction*. But the premise is about the requirement for a *death sentence*.

There would be serious implications if, as the Government tries to argue, the findings required for a *death sentence* were also required for a *conviction*. For one thing, it would mean that if a jury convicted a defendant of a crime, but in the penalty phase found that he did not use force, the penalty-phase finding would invalidate the conviction.

The implications go beyond the use of force. For example, no defendant can be sentenced to death without a penalty-phase finding that the aggravating factors outweigh the mitigating factors. *See* 18 U.S.C. § 3593(e). Based on the Government's argument here, a defendant could not be convicted of any death-eligible offense unless the

7

jury made a penalty-phase finding that the aggravating factors outweigh the mitigating factors. Obviously, this is an absurd proposition.

In short, the Government's attempt to import requirements necessary for a *death sentence* into the elements of a *conviction* makes no sense logically, and has no support in the law.

## B. There are realistic scenarios where kidnapping resulting in death does not involve the use of force.

The Government is also incorrect that there are not realistic scenarios in which death might result from a kidnapping without the use of force. *See* Resp. at 14.

In *United States v. Hayes*, the Fifth Circuit made abundantly clear that "[n]o matter how you slice it, 'if death results' does not mean 'if death was intended.'" 589 F.2d 811, 821 (5th Cir. 1979). Use of force, though, requires "a higher degree of intent than negligent or merely accidental conduct." *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004).[2] That is enough to establish that a defendant can commit kidnapping resulting in death without using force. *See United States v. Aparicio-Soria*, 740

---

[2] *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc) does not hold otherwise. It did not overrule *Hayes* and of course did not overrule *Leocal*, a Supreme Court case.

F.3d 152, 157 (4th Cir. 2014) (en banc) (holding that when precedent establishes that the elements of an offense do not include "an element of violent force," it "does not require an exercise of imagination, merely mundane legal research skills" to determine that the offense is not a crime of violence under an elements clause).

And, as one example, in *United States v. McDuffy*, the Ninth Circuit concluded that the "enhanced punishment for an individual who kills a person in the course of committing a bank robbery . . . applies even when the bank robber *accidentally* kills someone." 890 F.3d 796, 797 (9th Cir. 2018) (emphasis added). The Ninth Circuit affirmed McDuffy's conviction for bank robbery in which a death resulted, although the death was accidental. *Id.* at 801–02.

Moreover, the realistic hypotheticals that Mr. Webster cites are not particularly "imaginati[ve]" or "clever." Resp. at 14. Realizing that a kidnapping could lead to a fatal car crash and charges for kidnapping resulting in death, for example, does not require much imagination.

Therefore, the Government's arguments are unavailing, kidnapping resulting in death is not a crime of violence under § 924(c)'s elements clause, and Mr. Webster's § 924(c) conviction is invalid.

## CONCLUSION

For the reasons explained in this Reply and the in the Motion for Authorization and proposed successive § 2255 motion, Mr. Webster has made a prima facie showing of possible merit for a claim for relief under 28 U.S.C. § 2255(h)(2). He respectfully asks this Court to grant him leave to file a successive § 2255 motion in the district court.

Respectfully submitted,

s/ F. Italia Patti
INDIANA FEDERAL
COMMUNITY DEFENDERS
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520
italia_patti@fd.org

Steven J. Wells
Dorsey & Whitney LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600
wells.steve@dorsey.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2020, I filed this Reply in

Support of Motion for Authorization to File Successive Motion Pursuant

to 28 U.S.C. § 2255 and in Light of *United States v. Davis*, 139 S. Ct.

2319 (2019), using the CM/ECF system.

s/ F. Italia Patti

## CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 22 and Fed. R. App. P. 32(a)(7)(b)(ii), the undersigned certifies that this document complies with the length limitations because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this reply contains 1,969 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century 14-point font.

s/ F. Italia Patti