

July 16, 2020

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:    *In re Webster*, No. 20-10530
         Response to July 13 letter pursuant to Fed. R. App. P. 28(j)


Mr. Cayce:


Mr. Webster writes in response to the Government's letter pursuant to Fed. R. App. P. 28(j), submitted July 13, 2020.

First, Mr. Webster responds to explain that *In re Price*, -- F.3d--, 2020 WL 3790532 (11th Cir. July 7, 2020), has no bearing on his case. *Price* acknowledges an uncontroversial point: When jury instructions eliminate uncertainty as to which of two alternate predicates the jury relied on, there is no uncertainty about which predicate the jury relied on. *See id.* at *3. In *Price*, the indictment alleged alternate predicates for a § 924(c) charge, but the Eleventh Circuit found that the jury instructions eliminated any uncertainty about which predicate the jury relied on. *See id.* ("But Price's case is different from those two cases in

111 Monument Circle, Suite 3200, Indianapolis, Indiana 46204
Phone: (317) 383-3520
Facsimile: (317) 383-3525
www.indianafederaldefender.org

an important way — there is no uncertainty about whether the jury in his case relied on a predicate offense that is a violent crime.").

As Mr. Webster noted in his Reply, the instructions in his case did *not* eliminate uncertainty about which predicate the jury relied on. *See* Reply at 4 (citing Tr. vol. 21A 117:20–118:4). Nothing in *Price* changes the instructions Mr. Webster's jury was given, or means that they eliminated uncertainty about which predicate Mr. Webster's jury relied on. *See Shepard v. United States*, 544 U.S. 13, 21–23 (2005) (holding that certainty is required); *United States v. Clay*, 627 F.3d 959, 966 (4th Cir. 2010); ("[P]lausibility or even likelihood" that the defendant was convicted of § 924(c) based on a qualifying "crime of violence" is "insufficient."). Therefore, *Price*'s uncontroversial finding has no bearing on Mr. Webster's case.

Second, Mr. Webster appreciates the Government pointing out that the First Circuit has joined the Third, Sixth, Tenth, and Eleventh Circuits in holding that the rule of *Davis* satisfies 28 U.S.C. § 2255(h)(2). As the Government notes, every circuit to consider this question has determined that the rule of *Davis* satisfies § 2255(h)(2).

Respectfully submitted,

s/ F. Italia Patti
Assistant Federal Defender
INDIANA FEDERAL COMMUNITY
DEFENDERS

cc:    AUSA Jonathan Bradshaw
       (via ECF filing)

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 28(j) because the body of this letter contains 320 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century 14-point font.

s/ F. Italia Patti
Assistant Federal Defender
INDIANA FEDERAL COMMUNITY
DEFENDERS