

**U.S. Department of Justice**
United States Attorney
Northern District of Texas

| | |
|---|---|
| *1100 Commerce St. 3rd Floor* | *Telephone (214) 659-8600* |
| *Dallas, Texas 75242* | *Fax (214) 659-8602* |

August 28, 2020

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA  70130-3408

Re:   *In re Webster*, No. 20-10530
      Letter pursuant to Fed. R. App. P. 28(j)

Mr. Cayce:

Webster wants to file a successive habeas motion to claim that his firearm conviction is no longer valid because his predicate offense—death-results kidnapping—is not a crime of violence.  The government has argued that it is, and the government now directs this Court to *United States v. Ross*, ___ F.3d ___, 2020 WL 4590124 (8th Cir. Aug. 11, 2020), in which the Eighth Circuit recently agreed.[1]  The *Ross* panel concluded—exactly as the government has set out here—that 1) the kidnapping statute is divisible, *Ross*, 2020 WL 4590124 at *3, and 2) that kidnapping resulting in death satisfies the force clause, *id.* at *4-6.

In reaching that conclusion, the *Ross* court rejected every argument on which Webster relies.  Like Webster, Ross argued that death-results kidnapping cannot satisfy the force clause because it has no mens rea at all. The court disagreed, holding that "[w]here a perpetrator intentionally kidnaps a victim, and the kidnapping results in the victim's death, the perpetrator's mental state is sufficient to show that he necessarily 'used' force against the victim." *Id.* at *5.

---

[1] The government notes that another case pending before this Court, *United States v. Sanders*, No. 15-31114 (5th Cir.), also squarely presents the issue of whether capital kidnapping resulting in death satisfies the force clause.

The panel also rejected Ross (and Webster's) other argument—that the statute can be satisfied where the defendant uses no force against the victim. The panel concluded that "intentionally hauling away a kidnap victim with reckless disregard for the deadly consequences is a volitional act that necessarily involves the use of force when the kidnapping results in death by car crash or escape attempt." *Id.*

This Court should likewise hold that death-results kidnapping satisfies the force clause and so deny Webster's request for successive authorization.

Respectfully submitted,

ERIN NEALY COX
United States Attorney

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney

cc:   F. Italia Patti, Esq.
      (*via* ECF filing)

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 28(j) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 298 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Calisto MT font.

*s/ Jonathan Bradshaw*
Jonathan Bradshaw
Assistant United States Attorney
Date: August 28, 2020
