

September 3, 2020

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:    *In re Webster*, No. 20-10530
        Response to August 28 letter pursuant to Fed. R. App. P. 28(j)


Mr. Cayce:


   *United States v. Ross*, -- F.3d --, 2020 WL 4590124 (8th Cir. Aug. 11, 2020), does not show that Mr. Webster cannot make the requisite prima facie showing that he is entitled to relief. *See* 28 U.S.C. § 2244(b)(2)(C).

   Because *Ross* is not binding, this Court can consider the dissent's reasoning as well as the majority's, and the dissent's reasoning is more persuasive. The dissent concluded that, "[u]nder . . . the 'categorical approach,'" "kidnapping resulting in death" "does not" "necessarily require[] the 'use . . . of physical force.'" *Ross*, 2020 WL 4590124, at *10 (Stras, J., dissenting) (fourth alteration in original) (quoting 18 U.S.C. § 924(c)(3)(A); *Descamps v. United States*, 570 U.S. 254, 261 (2013)).

In reaching this conclusion, the dissent cited a case where this Court decided that a death-results sentencing enhancement (from the Guidelines) could apply in a kidnapping that did not involve the use of force. *See Ross*, 2020 WL 4590124, at *10 (Stras, J., dissenting) (citing *United States v. Melton*, 883 F.2d 336, 337 (5th Cir. 1989)). This Fifth Circuit case is, of course, highly relevant to Mr. Webster's case.

As the *Ross* dissent recognized, the scenario in *Melton*—"claiming to be an 'off-duty cab driver' and kidnapping a passenger who allegedly 'panicked[,] jumped out of [the] car,' and died"—"qualif[ies] as kidnapping by 'inveigle[ment]' or 'decoy[ ]'"; "'results' in death"; and "critically," does not involve "the use of force." *Ross*, 2020 WL 4590124, at *10 (Stras, J., dissenting) (first, second, fourth, and fifth alterations in original) (quoting *Melton*, 883 F.3d at 337; 18 U.S.C. § 1201(a)).

Therefore, *Ross* does not establish that Mr. Webster fails to make a prima facie showing that kidnapping resulting in death involves the use of force.[1] If anything—through the dissent's more persuasive reasoning, including its citation to an instructive case from this Court—*Ross* helps establish that Mr. Webster has made this prima facie showing.

Respectfully submitted,

s/ F. Italia Patti
Assistant Federal Defender
INDIANA FEDERAL COMMUNITY
DEFENDERS

cc:    AUSA Jonathan Bradshaw
(via ECF filing)

---

[1] Additionally, *Ross* says nothing about conspiracy as a § 924(c) predicate.

## CERTIFICATE OF COMPLIANCE

     1. This document complies with the type-volume limit of Fed. R. App. P. 28(j) because the body of this letter contains 330 words.

     2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in Century 14-point font.

s/ F. Italia Patti

Assistant Federal Defender

INDIANA FEDERAL COMMUNITY DEFENDERS